IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WRI INVESTMENTS III LLC,<br>a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY PELOCK, an individual,<br><br>Defendant. | Case No. 08 CV 4913<br><br>Judge Castillo<br><br>Magistrate Judge Valdez |

## VERIFIED MOTION FOR ENTRY OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b), plaintiff WRI Investments III LLC, ("WRI"), by its undersigned counsel, requests that this Court enter judgment against defendant Jeffrey Pelock, in the amount of $600,000, plus costs and attorneys' fees for the following reasons: (i) a default has been entered by this Court against Defendant Jeffrey Pelock; (ii) WRI's claim against Pelock is for a sum certain; (iii) the award of attorneys' fees and costs is allowed by the terms of the Guaranty; and (iv) such fees and costs are reasonable as established by the accompanying Affidavit of Peter B. Neumer. In further support of this Motion, WRI respectfully states as follows:

### ARGUMENT

**I.  Background Facts**

1. On August 27, 2008, WRI filed its complaint (the "Complaint") against Jeffrey Pelock ("Pelock") in this Court seeking payment in the amount of $600,000.00 as the result of Pelock's breach of a guaranty (the "Guaranty"), together with WRI's reasonable attorneys' fees and costs pursuant to the terms of the Guaranty.

2. On September 18, 2008, the Court entered a default against Pelock "for failure to timely appear, answer or otherwise plead to the complaint." *See* Court's September 18, 2008 Docket Entry attached as Exhibit A.

3. On September 23, 2008, WRI sent Pelock a letter advising him of the entry of default and discussing the possibility of settlement. *See* September 23, 2008 Letter to Pelock attached as Exhibit B.

4. During subsequent settlement discussions with WRI vice president Steve Denenberg, however, Pelock refused to offer property or payment to satisfy the amount of the Guaranty.

## II. Under Rule 55(b), the Court should Enter Judgment against Defendant because Plaintiff's Claim is for a Sum Certain

5. Rule 55(b)(1) of the Federal Rules of Civil Procedure provides that, "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

6. As of July 1, 2008, $919,840.85 was owed under the Loan, including interest.

7. Since July 1, 2008, additional interest has accrued under the Loan and WRI has received no payment from Borrower or Pelock.

8. The terms of the Guaranty limit Pelock's liability to "$600,000 plus Lender's attorneys' fees and costs incurred in enforcing th[e] Guaranty." *See* Complaint at ¶10.

8. Therefore, because (i) WRI's claim against Pelock is for the sum certain of $600,000; (ii) Pelock has been defaulted for failure to appear; (iii) the award of attorneys' fees requested herein is allowed by the terms of the Guaranty; (iv) the amount of attorneys' fees is a

reasonable amount as established by the accompanying Affidavit of Peter B. Neumer attached as Exhibit D; and (v) Pelock has not entered an appearance in this action, this Court should enter Judgment by default in favor of WRI against Pelock as set forth herein.

WHEREFORE, Petitioner moves the Court, or the Clerk thereof, to enter Default Judgment in the above entitled action as follows:

1. Amount Owing under the Terms of the Guaranty: $600,000.00

2. Attorneys' Fees: $2,733.62.

Dated: October 31, 2008                     **WRI INVESTMENTS III LLC**

 

                                                          By:   __s/ Christopher B. Wilson__
                                                                  One of Its Attorneys

Christopher B. Wilson, ARDC No. 06202139
Peter B. Neumer, ARDC No. 06290330
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

*Attorneys for Plaintiff*

## VERIFICATION

Under penalties of perjury, the undersigned certifies that the statements set forth in this **Verified Motion for Entry of Judgment** are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies that he verily believes the same to be true.

Dated: Oct 31, 2008

_____
Steve Denenberg
Vice President
WRI Investments III LLC

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WRI INVESTMENTS III LLC, a Washington limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY PELOCK, an individual, <br><br> Defendant. | Case No. 08 CV 4913 <br><br> Judge Castillo <br><br> Magistrate Judge |

## **AFFIDAVIT OF PETER NEUMER**

I, Peter B. Neumer, being duly sworn, hereby deposes and says as follows:

1. I have personal knowledge of the matters herein, and if called upon to do so, could testify thereto.

2. I have been an attorney licensed to practice law in the State of Illinois since 2006. I am an associate in the law firm of Perkins Coie LLP.

3. I make this affidavit in support of Plaintiff's Motion for Entry of Judgment Against Jeffrey Pelock.

4. In or about August 2008, Plaintiff WRI Investments III LLC ("WRI") retained Perkins Coie LLP in connection with the litigation captioned above.

5. WRI filed its Complaint in the above captioned matter on or about August 27, 2008.

6. Pursuant to a provision in the Guaranty, WRI is entitled to attorneys' fees incurred as a result of Defendants' breach of the Guaranty. WRI has incurred $2,733.62 in attorneys' fees in connection with this matter, as reflected in the reports attached as Exhibit C.

7.  The reports attached hereto were generated by Perkins Coie LLP's computer billing systems, which use equipment recognized as standard, and which produce accurate records when properly employed.

8.  These computer billing systems produced the invoices attached using records that were created by me and other attorneys in my firm as a regular practice. The amount of time spent on this matter was recorded on a daily basis and this information was periodically input into the computer billing system. The records were then stored in the computer billing system in the regular course of business. The rates reflected are reasonable in the relevant legal community for the legal institution and experience level of the attorneys working on this matter.

9.  The reports specify the fees incurred, the individual rendering each service, the services rendered and the disbursements advanced. The reports have been redacted to reflect only amounts incurred in connection with this matter, and disbursements other than the costs identified above are not being sought as part of the attorneys' fee award.

10. The billing rate for Dan Zazove was $625 in 2008. My billing rate was $300 in 2008.

11. The attached invoices show that Perkins Coie LLP billed WRI a total of $2,733.62 in connection with this matter.

12. The services performed by Perkins Coie LLP in this matter were reasonably necessary to pursue the rights of WRI.

13. The fees and expenses incurred were fair and reasonable.

Under penalties provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct.

Executed on October 31, 2008 in Chicago, Illinois.

Peter B. Neumer

Subscribed and Sworn to before me
this 31st day of October, 2008

Notary Public

"OFFICIAL SEAL"
DEBORAH A. MOTEN
Notary Public, State of Illinois
My Commission Expires November 27, 2010

31723-0027/LEGAL14864659.1

## CERTIFICATE OF SERVICE

I, Christopher B. Wilson, an attorney, certify that on October 31, 2008, I caused a true and complete copy of the attached **VERIFIED MOTION FOR ENTRY OF JUDGMENT** to be served via United States Postal Service first class mail, postage prepaid, upon:

Jeffrey Pelock
36W538 Michael Court
St. Charles, IL 60175

/s/Christopher B. Wilson
Attorney for Plaintiff WRI Investments III LLC